I. L. AND E. B. HANEY v. E. K. ATWOOD ET AL.

Decided March 10, 1906.

**Homestead Donation—Act of 1900 Construed.**
    Under the Act of 1900, called session, page 29, a party seeking to acquire a homestead donation out of the public domain, forfeits all right to such donation by failure to file proof of occupancy and apply for patent and pay the patent fees before the 1st day of January, 1902.

Appeal from the District Court of Ellis County. Tried below before Hon. J. E. Dillard.

*Y. D. Kemble, W. H. Fears* and *C. L. Allen,* for appellants.—When a person entitled under the laws of chapter 8, title 87 of the Revised Statutes of Texas, to a homestead donation out of the vacant and unappropriated public land, has selected and settled upon the same, and has had the same surveyed and the field notes thereof returned to and filed in the Land Office within the time prescribed by law, and has in good faith resided upon, occupied and improved the same for a period of three consecutive years from the date of his application for a survey thereof, such person thereby acquires an indefeasible title to the land, and such title is not defeated by failure to make proof of occupancy and have the same filed in the land office. 2 Sayles Civ. Stats., Title 87, chap. 8, page 1472; (Title 79, chap. 9, Rev. Stat. of 1879); Acts 1900 First Called Session 26 Leg., p. 29, secs. 5, 7, 9; Acts 1901, Reg. Sess. 27 Leg., p. 253, latter part sec. 6; Acts 1903, p. 228, sec. 9; Clifton et al. v. Thompson et al., 29 S. W. Rep., 197; Traylor v. Hubbard, 22 S. W. Rep., 242; Lane v. Huffman, 82 S. W. Rep., 1070; Juencke v. Terrell, Gen. Land Office Com., 82 S. W. Rep., 1025; Busk v. Lowrie et al., 22 S. W. Rep., 414; Busk v. Lowrie et al., 86 Texas, 132; Calvert v. Ramsey, 59 Texas, 490.

Appellants claim to the land in controversy is based upon chapter 8, title 87 of the Revised Statutes of Texas, and the Act of 1900 does not disturb nor attempt to impair the rights acquired under said chapter 8, title 87. Sayles Civ. Stat., chap. 8, tit. 87, p. 1472; Acts of 1900, Call. Sess., p. 29, sec. 5, 7, 9; Acts of 1901, p. 255, latter part sec. 6; Acts of 1903, p. 228, sec. 9, also authorities cited under first assignment.

When fraud has been resorted to to procure the issuance of a patent, in a contest between the patentee and one claiming under prior equity, the claimant, under the equitable title, can impeach the patent and cause the same to be divested from the patentee and vested in the holder of the prior equitable right. Gullett et al. v. O'Connor, 54 Texas, 408; Burleson v. Durham, 46 Texas, 157, also authorities cited under first assignment of error.

If under the law, appellants by failure to file in General Land Office before January 1, 1902, proof of occupancy and tender of proper fees, actually forfeited their right to a patent to said land, yet under sec. 7 of Acts of 1900 and Act of 1901, amending sec. 6, appellants still had a preference in the purchase of said land, which appellants were deprived

of by the act of the patentee, E. K. Atwood, in filing the false and fraudulent affidavit of abandonment.

The applications for the land in controversy and the field notes thereof having been filed by the Neels in the General Land Office on November 1, 1897, and the same being on file in said office on June 20, 1902, and on July 10, 1902, when the false affidavit of abandonment and the application respectively of E. K. Atwood to purchase said land was filed, was notice to the Land Commissioner of the adverse claim of the Neels, and before allowing E. K. Atwood to become the purchaser, he should have given notice to the original preemptors or their vendees. Sec. 7 Acts First Called Session 26th Leg. of 1900, p. 33; Latter part sec. 6 Reg. Sess. 27th Leg. of 1901, p. 255; O'Neal v. Manning, 48 Texas, 407.

*J. H. Sharp* and *Templeton & Harding,* for appellees.—Appellants having pleaded their title specially, it was necessary to show they had made proofs of three years occupancy, filed the same in the Land Office and made payment of patent fees on or before January 1, 1902. First Call Session 26th Leg., p. 34, sec. 9; Logan v. Lennix, 88 S. W. Rep., 365.

The land was not subject to entry by a homestead preemption claimant and defendants could acquire no title to said land except under the Act of 1900. This contention was clearly settled by the case of Hogue v. Baker, 92 Texas, 58, which decision led to the passage of chap. 9 by 26th Leg. at its First Call Session, p. 29, as stated in sec. 9 thereof.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title, brought by appellees against appellants, to recover a certain tract of land in Ellis County, plaintiffs claiming under a patent issued by the State of Texas on September 6, 1902.

Defendants answered claiming said land as a homestead donation survey under the laws of Texas. The court sustained demurrers to said answer and rendered judgment for plaintiffs from which this appeal is prosecuted.

The answer of defendants in effect, alleged that on or about July 8, 1897, the land in controversy was vacant and unappropriated public land, belonging to the State of Texas; that on said date George W. and James A. Neel, each the head of a family and entitled to a homestead donation under the law, and in good faith and intent to acquire same, made application to the county surveyor of Ellis County to survey the said land for them, and on or about said date the said Neels settled upon same; that said application was duly filed and recorded in the surveyor's office on July 12, 1897, and said land was duly surveyed on July 14, 1897, by virtue of said application and the field notes thereof returned to the General Land Office and there received and filed on November 1, 1897. That in 1898 the said Neels sold the land to these defendants and these defendants took immediate and actual possession thereof and they and those under whom they claim have had actual and continuous possession thereof since July 8, 1897, using, enjoying and cultivating the same as their homestead, and erected substantial improvements thereon; believing said land to be vacant and

unappropriated public domain. That the plaintiffs had procured the issuance of patent to them in 1902 by making and filing with the General Land Commissioner affidavits to the effect that said land had not been occupied by the said Neels or anyone else from the date of said application, which affidavits were false, as defendants and those under whom they claim have been in continual possession ever since said time, until the bringing of this suit, when dispossessed by writ of sequestration. That they made proof of occupancy in February, 1901, and same was forwarded to Austin, and attempted to be filed with the General Land Office, but for some reason unknown to them said proof of occupancy was not filed. That said patent is null and void because at the time of plaintiffs' application to purchase said land, to wit, July 3, 1902, defendants were actual settlers and preemptors of said land under the laws of Texas, and were then occupying the same.

The court sustained exceptions to said answer, which exceptions were in effect that defendants had not complied with the Act of 1900, or the amendment of 1901; nor had they made proof of occupancy and filed the same in the Land Office and made payment of patent fees and applied for patent on or before January 1, 1902.

The answer alleged that said land when settled upon for the purpose of being preempted as a homestead, was unappropriated public domain, which, under the laws of Texas, was subject to such preemption. This excludes the idea that it had been appropriated or set apart for school purposes. Whether or not it was public domain as distinguished from public school land, in the absence of evidence, we have no means of telling. It is claimed by appellees that that question is settled by the case of Hogue v. Baker, 92 Texas, 58. While that case may be considered as persuasive of the question, yet we do not regard it as decisive, except as to the land involved in that suit. That was an original application to the Supreme Court for a writ of mandamus to compel the Commissioner of the General Land Office to receive and file the field notes of a survey made on behalf of the relator for acquiring a homestead donation under chapter 8 of title 87 of the Revised Statutes. The relator alleged sufficient reasons to entitle him to the relief sought, had the land been unappropriated public domain. It was admitted in that case, however, that the public domain was exhausted and that the only vacant land belonged to the public schools. The case having been decided upon that admission, it can not be taken as conclusive in this case. But the Act of 1900, called session, page 29, fixed the status of all unappropriated public domain as belonging to the school fund.

If the land here in controversy, at the time settled upon, was public school land, then we think there could be no question as to appellees being entitled to the land, but as that fact does not appear from the answer or by agreement and the rule of pleading being that in passing upon exceptions the allegations of the plea demurred to must be taken as true, and the allegations of the answer in this case being that the land when settled upon was public domain, it must be considered as true, and so treated in passing upon the question presented.

Then the land being unappropriated public domain when settled upon and the parties having had it properly surveyed and occupied it for three

years, as provided by law, the question arises, did the appellants forfeit their rights to the land by failing to file their proof of occupancy and apply for patent and pay the patent fees by the 1st day of January, 1902, as provided by the Act of 1900? Section 9 of said Act of 1900, made provision for those who had settled on vacant public land with the intention of acquiring it as a homestead donation by directing the Commissioner of the General Land Office to issue patents to homestead claimants, etc., if legally entitled thereto, provided proof of occupancy shall be filed in the Land Office and payment of patent fees made and patent applied for on or before January 1, 1902.

From the allegations in the answer it appears that the occupancy of the land for three years, as required by law, culminated in 1900, a month or so after the said Act of 1900 went into effect. It further appears from said answer that the appellants did not file proof of occupancy in the General Land Office and pay patent fees and apply for patent to said land on or before January 1, 1902, as required by said Act of 1900. Nor did they allege sufficient legal reason why it was not done. By article 4171, Revised Statutes, it is provided that the failure of those claiming a homestead to "make satisfactory proof that he had resided upon, occupied and improved the land claimed by him for three years after the date of his application, as provided in this chapter, he shall in either event forfeit all right and title to said land, and the same shall become subject to entry or location as other vacant and unappropriated public land." The expression "in either event" has reference also to the failure to comply with the other requirements of the statute.

The Legislature did not infringe its prerogative in fixing a time in which persons claiming a homestead donation should perfect their claims, and the appellants having failed to do so within the time prescribed, we feel constrained to hold that by such failure they forfeited all rights to said land, and such land became, by virtue of the laws, a part of the public school fund, and the Commissioner of the General Land Office was authorized to issue a patent to anyone who might purchase it according to the terms of the law.

The holding in Clifton v. Thompson, 29 S. W. Rep., 197, that the failure to prove occupancy, pay patent fees, and make application for a patent does not defeat the claim of a homestead donation, when the other requisites required by law have been complied with, is correct when applied to the facts of that case. In that case the mother of the plaintiff and plaintiff's step-father, had perfected the claim to the homestead donation, except proof of occupancy, etc., and the step-father sold to Thompson the land. Thompson made proof of occupancy, etc., and the patent was issued to him. The mother brought suit against Thompson for a half interest in the land. She died before trial and the suit was continued by her child and only heir. Under those conditions it was held that the child was not cut off by reason of her, nor her mother, not participating in the proof of occupancy, etc. In that case the patent was issued by virtue of the acts of the mother and step-father, which at least in part entitled the child to an interest on the

death of her mother, and Thompson could not debar the child by reason of having secured the patent. In this case the facts are different.

After appellants failed to perfect their claim by January 1, 1902, Atwood had the right to purchase said land, and whether or not the affidavit made to secure said patent was false is immaterial, as said Commissioner had no right, under the law, to require the making of such an affidavit before selling said land.

We see no reason, either legal or equitable, that entitles appellants to the land. If the allegations be true, they had the opportunity to perfect their title, but by their laches they have forfeited their right under the law and must abide the consequences. The judgment is affirmed.

*Affirmed.*

Writ of error refused.